Nicholas A. Brown (SBN CA 198210)
GREENBERG TRAURIG, LLP
101 Second Street, Suite 2200
San Francisco, California 94105
Telephone: 415.655.1300
Facsimile: 415.520.5609
brownn@gtlaw.com

James J. Lukas, Jr. (to be admitted *pro hac vice*)
Olivia C. Mathews (to be admitted *pro hac vice*)
GREENBERG TRAURIG, LLP
77 West Wacker Drive, Suite 3100
Chicago, Illinois 60601
Telephone: 312.456.8400
Facsimile: 312.456.8435
lukasj@gtlaw.com
olivia.mathews@gtlaw.com

*Attorneys for Plaintiff ANDERSON POWER PRODUCTS, INC.*

# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDERSON POWER PRODUCTS, INC.,<br><br>  Plaintiff,<br><br>v.<br><br>BIZLINK TECHNOLOGY, INC., BIZLINK HOLDING INC., BIZLINK INTERNATIONAL CORP.,<br><br>  Defendants. | CASE NO. 3:23-cv-05436<br><br>**PLAINTIFF ANDERSON POWER PRODUCTS, INC.'S COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Anderson Power Products, Inc. ("Anderson" or "Plaintiff"), by and through its undersigned counsel, and for its Complaint against Defendants BizLink Technology, Inc., BizLink Holding Inc., and BizLink International Corp. (collectively, "Defendants") hereby allege as follows:

## SUMMARY OF NATURE OF ACTION

1. This is a civil action for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 1 et seq. Plaintiff asserts infringement of U.S. Patent No. 8,808,017 relating to electrical connector technology embodied by Plaintiff's Saf-D-Grid® products.

## THE PARTIES

2. Plaintiff is a corporation organized under the laws of the State of Delaware with its principal place of business at 13 Pratts Junction Rd Sterling, MA 01564-2305. Plaintiff is an international leader in high power interconnect solutions.

3. On information and belief, BizLink Technology, Inc. ("BTI") is a corporation organized under the laws of the State of California with its principal place of business at 47211 Bayside Parkway, Fremont, CA 94538, USA.

4. On information and belief, BizLink Holding, Inc. ("BHI") is a Cayman Islands corporation with its principal place of business at P.O. Box 61, 3rd Floor, Harbour Centre, North Church Street, Grand Cayman, KY1-1102 Cayman Islands.

5. On information and belief, BizLink International Corp. ("BIC") is a Taiwan corporation with its principal place of business at 3F., No. 186, Jian 1st Rd., Zhonghe Dist., New Taipei City, Taiwan 235603.

6. On information and belief, Defendants and/or their subsidiaries and affiliates make, sell, offer for sale in the United States, and/or import into the United States, products and components in a variety of fields, including but not limited to, the infringing BSC-301 series receptacle and BC-330 series plug (the "Infringing Product"). Defendants and/or their subsidiaries and affiliates also indirectly infringe, and continue to indirectly infringe, one or more claims of the '017 patent by contributing to or inducing acts of infringement

by others who make, use, sell, offer for sale, or import the Infringing Product in the United States. At all times relevant hereto, Defendants acted through their respective agents, representatives, employees and servants, all of whom acted within the course and scope of their duties and responsibilities.

7. On information and belief, BTI, BHI, and BIC (and its subsidiaries, affiliates and/or intermediaries) form an interrelated group of companies doing business as a collective whole under the BizLink brand which together comprise makers and sellers of cable assemblies, wire harnesses, and related products, including the Infringing Product. BTI, BHI, and BIC are part of the same corporate structure and distribution chain for the making, using, selling, offering for sale, and/or importing the Infringing Product in the United States, including in the State of California generally and this judicial district in particular.

8. On information and belief, BTI, BHI, and BIC (and its subsidiaries, affiliates and/or intermediaries) share the same management, common ownership, advertising platforms, facilities, distribution chains and platforms, and products involving related technologies. Thus, BTI, BHI, and BIC (and its subsidiaries, affiliates and/or intermediaries) operate as a unitary business and are jointly and severally liable for the acts of patent infringement alleged herein.

9. On information and belief, Defendant BHI is the parent company of Defendants BTI and BCI, and as the parent, induces its subsidiaries, affiliates, intermediaries, retail partners, and customers in the making, using, selling, offering for sale, and/or importing the Infringing Product through its subsidiaries.

10. On information and belief, Defendant BHI wholly owns Defendants BTI and BIC. BHI, BTI, and BIC (and its subsidiaries, affiliates and/or intermediaries) are strongly affiliated and operate as a joint partnership/conglomerate by comingling ownership and sharing management, facilities, advertising platforms, distribution chains, development processes, and incorporating substantially similar systems, including the same cable assemblies, wire harnesses, and related products subject to this action.

## JURISDICTION AND VENUE

11. This action is a claim for patent infringement arising under the Patent Laws of the United States, Title 35 of the United States Code, §§ 1 et seq.

12. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

13. This Court has personal jurisdiction over Defendants because Defendants engage in business within this judicial district, Defendants have committed acts of infringement in violation of 35 U.S.C. § 271, and Defendants and Defendants' customers have placed the Infringing Product into the stream of commerce through an established distribution channel with the knowledge or understanding that such products are shipped into, offered for sale, sold, and/or used in this judicial district. These acts have caused injury to Plaintiff within this judicial district and continue to cause injury to Plaintiff within this judicial district. Defendants have derived substantial revenue from infringing acts in this judicial district, including from the offer for sale, sale, and use of the Infringing Product. Defendants expect or should reasonably expect their actions to have consequences within this judicial district and Defendants derive substantial revenue from interstate commerce.

14. As to BTI, venue is proper in this judicial district under 28 U.S.C. §§ 1391 and 1400(b) because, among other reasons, BTI resides in this judicial district through its incorporation in this judicial district and BTI has committed acts of infringement in this judicial district.

15. As to BHI and BIC, venue is proper in this judicial district under 28 U.S.C. § 1391 because BHI and BIC are foreign corporations and may be sued in any judicial district.

16. In addition, or in the alternative, this Court has personal jurisdiction over Defendants pursuant to Fed. R. Ci. P. 4(k)(2).

17. On information and belief, BHI operates in the United States, including in this judicial district, directly or through its subsidiaries, affiliates, and/or intermediaries.

18. On information and belief, BIC operates in the United States, including in this judicial district, directly or through its subsidiaries, affiliates, and/or intermediaries.

# COUNT I

# INFRINGEMENT OF THE '017 PATENT

19. Plaintiff repeats and re-alleges each and every allegation of the foregoing paragraphs as though fully set forth herein.

20. On August 19, 2014, the United States Patent and Trademark Office duly and lawfully issued U.S. Patent No. 8,808,017 ("the '017 Patent"), entitled "Electrical Connector with Anti-Arcing Feature," a true and correct copy of which is attached as **Exhibit A**. The '017 Patent is valid and enforceable. The '017 Patent discloses and claims various novel, non-obvious, and useful features relating to electrical connectors.

21. Plaintiff is the owner of all right, title, and interest in the '017 Patent and it possesses all rights of recovery under the '017 Patent, including the right to sue for infringement, to seek damages, and to seek injunctive relief.

22. Defendants have infringed, and continue to infringe, one or more claims of the '017 Patent by making, using, selling, offering to sell, and/or importing in the United States products that embody or otherwise practice one or more claims of the '017 Patent, including at least claim 1, literally and/or pursuant to the doctrine of equivalents.

23. Defendants have also indirectly infringed, and continue to indirectly infringe, one or more claims of the '017 patent by contributing to or inducing acts of infringement by others who make, use, sell, offer for sale, or import in the United States products that embody or otherwise practice one or more claims of the '017 Patent, including at least claim 1, literally and/or pursuant to the doctrine of equivalents.

24. Defendants' infringing activity took place in the United States, including, but not limited to, within this judicial district, in violation of 35 U.S.C. § 271.

25. The Infringing Product includes, without limitation, Defendants' BSC-301 series receptacle and BC-330 series plug as a standalone product and/or as a component for a new system design.

26. The infringing BSC-301 receptacle is shown further below:







27. The infringing BSC-330 plug is shown further below:











28.     Defendants' Infringing Product includes each and every limitation of one or

more claims of the '017 Patent, including at least claim 1.

29. Claim 1 of the '017 Patent recites as follows:

> An electrical connector pair, comprising:
>
> > a first connector having a first insulating housing;
> >
> > a first electrical contact supported within the first insulating housing, the first electrical contact having a connecting surface that is substantially parallel with a longitudinal axis of the insulating housing and terminates in a leading end of the first electrical contact;
> >
> > a second connector having a second insulating housing;
> >
> > a second electrical contact supported within the second insulating housing, the second electrical contact being configured to laterally engage with the connecting surface of the first electrical contact when the first connector is mated with the second connector;
> >
> > a first insulating barrier within the first connector extending beyond and covering the leading end of the first electrical contact; and
> >
> > a second insulating barrier extending beyond the second electrical contact within the second connector, the second insulating barrier being configured so as to be in close proximity with the first insulating barrier when the first and second connectors are partially disconnected and the first and second electrical contacts are separated by a short distance, thereby blocking substantially all through-air arcing paths between the first and second electrical contacts.

30. By way of example, Defendants' Infringing Product meets each and every limitation of claim 1 of the '017 Patent as shown below:

| Claim 1 of the '017 Patent | Defendants' Infringing Product |
|---|---|
| 1. An electrical connector pair, comprising: | The Infringing Product is an electrical connector pair as shown below:<br><br>comprising a receptacle (a first connector) as shown below: |

| Claim 1 of the '017 Patent | Defendants' Infringing Product |
|---|---|
|  | and a plug (a second connector) as shown below: |
| a first connector having a first insulating housing; | The first connector includes an insulating housing. |

| | | |
|---|---|---|
| | a first electrical contact supported within the first insulating housing, | The first connector includes a first electrical contact supported within the first insulating housing.<br><br>(showing a cross section of both the first connector and the second connector) |
| | the first electrical contact having a connecting surface that is substantially parallel with a longitudinal axis of the insulating housing and terminates in a leading end of the first electrical contact; | The first electrical contact of the first connector has a connecting surface that is substantially parallel with a longitudinal axis of the insulating housing and terminates in a leading end of the first electrical contact.<br> |
| | a second connector having a second insulating housing; | The second connector includes an insulated housing.<br> |
| | a second electrical contact supported within the second insulating housing; | The second connector includes a second electrical contact supported within the second insulating housing. |

| | |
|---|---|
| |  |
| the second electrical contact being configured to laterally engage with the connecting surface of the first electrical contact when the first connector is mated with the second connector; | The second electrical contact of the second connector has a connecting surface that is substantially parallel with a longitudinal axis of the insulating housing and terminates in a leading end of the first electrical contact.  |
| a first insulating barrier within the first connector extending beyond and covering the leading end of the first electrical contact; and | The first connector includes an insulating barrier that extends beyond and covers the leading edge of the first electrical contact.  |
| a second insulating barrier extending beyond the second electrical contact within the second connector, | The second connector includes an insulating barrier that extends beyond the leading edge of the second electrical contact. |

| | |
|---|---|
| |  |
| the second insulating barrier being configured so as to be in close proximity with the first insulating barrier when the first and second connectors are partially disconnected and the first and second electrical contacts are separated by a short distance, thereby blocking substantially all through-air arcing paths between the first and second electrical contacts. | The first and second insulating barriers block substantially all through-air arcing paths between the first and second electrical contacts when the first and second connectors are partially disconnected and the first and second electrical contacts are separated by a short distance.<br><br> |

31.  Plaintiff notified Defendants of their infringement of the '017 Patent prior to filing this lawsuit on August 2, 2023, August 21, 2023, and September 5, 2023. Plaintiff asked Defendants to cease and desist from further sales of the Infringing Product. Defendants continue to sell their Infringing Product.

32.  Defendants' infringement is intentional, willful, deliberate, and with reckless disregard to the rights of Plaintiff. Defendants' infringement entitles Plaintiff to increased

damages pursuant to 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action pursuant to 35 U.S.C. § 285. Since at least as of August 2, 2023, Defendants have had knowledge of the '017 Patent. Defendants have infringed and continue to infringe the '017 Patent despite a high likelihood that their actions constituted infringement.

33. Defendants have targeted, and continue to directly target, the Infringing Product to residents of this judicial district, as well as elsewhere in and throughout the United States.

34. Defendants have sold and offered for sale, and continue to sell and offer for sale, the Infringing Product to customers located in this judicial district, as well as elsewhere in and throughout the United States.

35. Defendants have imported and continue to import, the Infringing Product to customers in the United States and in this judicial district.

36. Defendants indirectly infringed, and continue to indirectly infringe, by contributing to or inducing acts of infringement by others who make, use, sell, offer for sale, or import the Infringing Product in the United States and in this judicial district.

37. Defendants have not sought, nor obtained, a license under the '017 Patent, and they not authorized or permitted to market, manufacture, use, offer for sale, sell, or import any products embodying the inventions disclosed and claimed in the '017 Patent.

38. Defendants have caused Plaintiff to suffer, and unless enjoined by this Court, will cause Plaintiff to continue to suffer substantial injury, including lost profits, for which Plaintiff is entitled to damages adequate to compensate it for Defendants' infringement.

39. Defendants' infringement will continue to cause Plaintiff irreparable injury and loss of revenues unless and until enjoined by this Court.

40. Plaintiff has been injured and damaged by Defendants' infringement of the '017 Patent.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests judgment and relief against Defendants as follows:

A. A judgment that Defendants have directly and indirectly infringed the '017 Patent;

B. An injunction against Defendants, its subsidiaries, affiliates, parents, successors, assignees, officers, agents, servants, employees, and all persons acting in concert or in participation with them, or any of them, permanently enjoining each of them from infringing, contributing to, or inducing the infringement of the '017 Patent;

C. Awarding Plaintiff damages adequate to compensate for Defendants' infringement of the '017 Patent, but in no event less than a reasonable royalty on Defendants' use of Plaintiff's invention;

D. Awarding pre-judgment interest on any damages award;

E. Adjudging that Defendants' infringement of the '017 Patent is willful, and increasing Defendants' liability for damages up to three times the amount found or assessed;

F. Declaring that this is an exceptional case under 35 U.S.C. § 285, and that Plaintiff is entitled to an award of increased damages, attorneys' fees, and costs; and

G. Granting such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable, as provided by Rule 38(a) of the Federal Rules of Civil Procedure and Civil Local Rule 3-6.

DATED: October 23, 2023           GREENBERG TRAURIG, LLP

By  /s/ Nicholas A. Brown
Nicholas A. Brown (SBN CA 198210)
GREENBERG TRAURIG, LLP
101 Second Street, Suite 2200
San Francisco, California 94105
Telephone: 415.655.1300
Facsimile: 415.520.5609
brownn@gtlaw.com

James J. Lukas, Jr. (to be admitted *pro hac vice*)
Olivia C. Mathews (to be admitted *pro hac vice*)
GREENBERG TRAURIG, LLP
77 West Wacker Drive, Suite 3100
Chicago, Illinois 60601
Telephone: 312.456.8400
Facsimile: 312.456.8435
lukasj@gtlaw.com
olivia.mathews@gtlaw.com

*Attorneys for Plaintiff ANDERSON POWER PRODUCTS, INC.*