UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDERSON POWER PRODUCTS, INC., <br> Plaintiff, <br> v. <br> BIZLINK TECHNOLOGY, INC., et al., <br> Defendants. | Case No. 23-cv-05436-AMO <br><br> **ORDER GRANTING STAY** <br> Re: Dkt. No. 62 |

This is an action for patent infringement relating to Defendants' alleged infringement of United States Patent No. 8,808,017 ("the '017 patent"). Before the Court is Defendants' Motion to Stay the case pending inter partes review ("IPR"). The matter is fully briefed and suitable for decision without oral argument. Accordingly, the hearing set for February 27, 2025, is VACATED. *See* Civ. L.R. 7-6. Having read the parties' papers and carefully considered their arguments and the relevant legal authority, and good cause appearing, the Court hereby **GRANTS** the Motion.

I. **BACKGROUND**

Plaintiff filed this action on October 23, 2023, alleging infringement of the '017 patent by Defendants' BSC-301 series receptacle and BC-330 series plug (collectively, the "Accused Product"). *See* Compl. (ECF 1). Plaintiff alleges that Defendants infringed 14 claims of the '017 patent, including claims 1-6, 7, 9, and 13-18. *See id.* Defendants answered Plaintiff's complaint on March 19, 2024. ECF 27. On June 7, 2024, the Court entered a Case Management Order setting the claim construction hearing date for January 23, 2025. ECF 38, ECF 39. The parties have served and responded to written discovery, exchanged infringement and invalidity contentions, and filed claim construction briefs. *See* Mot. at 1; Opp. at 2.

1    On October 29, 2024, Plaintiff filed a Motion for Leave to Amend its Infringement Contentions to add claims 5-6 and 13-18 of the '017 patent ("Newly Asserted Claims").  ECF 49.  The Court then vacated the claim construction hearing, noting that Anderson's infringement contentions remain "unsettled."  ECF 59.

On November 24, 2024, the Patent Trial and Appeal Board ("PTAB") issued its Decision Granting Inter Partes Review of claims 1-4 and 7-12 of the '017 patent.  Smyth Decl., Ex. 1 (ECF 62-6).  Defendants filed this Motion to Stay on November 27, 2024.  *See* ECF 62.

## II.    DISCUSSION

Courts have inherent power to manage their dockets, "including the discretion to grant a stay pending concurrent proceedings before the PTO."  *Capella Photonics, Inc. v. Cisco Sys., Inc.*, 2015 WL 1006582, at *1 (N.D. Cal. Mar. 6, 2015) (citing *Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426–27 (Fed. Cir. 1988)).  In determining whether to stay a patent infringement case pending review or reexamination of the patents, courts traditionally consider three factors: "(1) whether discovery is complete and whether a trial date has been set; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether a stay would unduly prejudice or present a clear tactical disadvantage to the nonmoving party."  *PersonalWeb, LLC v. Apple, Inc.*, 69 F. Supp. 3d 1022, 1025 (N.D. Cal. 2014) (citations and quotations omitted).  Courts in this district have often recognized a "liberal policy in favor of granting motions to stay" pending IPR.  *See, e.g.*, *Zomm, LLC v. Apple, Inc.*, 391 F. Supp. 3d 946, 956 (N.D. Cal. 2019).

Here, all factors weigh in favor of staying this case pending PTAB review.

### A.    Stage of Litigation

"The first factor the Court considers is whether the litigation is at an early stage."  *Zomm, LLC v. Apple Inc.*, 391 F. Supp. 3d 946, 956 (N.D. Cal. 2019) (citing *AT&T Intellectual Property I v. Tivo, Inc.*, 774 F. Supp. 2d 1049, 1052 (N.D. Cal. 2011)).  "An early stay may save the parties and the Court from unnecessarily expending significant resources.  A stay later in the proceedings will likely produce less benefit and increase the possibility of prejudice."  *Largan Precision Co. v. Motorola Mobility LLC*, No. 21-cv-09138-JSW, 2022 WL 294935, at *4 (N.D. Cal. July 26, 2022).  Courts typically consider "(1) whether parties have engaged in costly expert discovery and

2

1 dispositive motion practice; (2) whether the court has issued its claim construction order; and
2 (3) whether the court has set a trial date." *Id.*; *see also PersonalWeb Techs., LLC v. Apple Ins.*, 69
3 F. Supp. 3d 1022, 1025-26 (N.D. Cal. 2014) (collecting cases).
4       Here, the stage of this litigation favors a stay. Though the parties have filed their claim
5 construction briefs, the Court has not made any substantive determinations on the merits. The
6 schedule also favors a stay. No trial date has been set. ECF 39. In addition, although discovery
7 has begun, it is far from complete. *Id.* No fact depositions have been taken and no close to
8 discovery has been set. While it is true that the parties have begun or completed several of their
9 obligations under the patent local rules (e.g., infringement contentions, claim construction
10 discovery), these are generally events that happen early in the life of a case and are not, by
11 themselves, enough to weigh against a stay. Far more work lies ahead for the litigants. The Court
12 thus finds this factor weighs in favor of granting a stay.

### B.   Simplification of Issues

"A stay pending reexamination is justified where 'the outcome of the reexamination would be likely to assist the court in determining patent validity and, if the claims were canceled in the reexamination, would eliminate the need to try the infringement issue.' " *Evolutionary Intelligence, LLC v. Apple, Inc.*, No. 13-CV-04201-WHA, 2014 WL 93954, at *2 (N.D. Cal. Jan. 9, 2014) (quoting *Slip Track Sys., Inc. v. Metal Lite, Inc.*, 159 F.3d 1337, 1341 (Fed. Cir. 1998)). "The standard is simplification of the district court case, not complete elimination of it by the PTAB." *Finjan v. Symantec Corp.*, 139 F. Supp. 3d 1032, 1036 (N.D. Cal. 2015) (citing *LELO, Inc. v. Standard Innovation (US) Corp.*, No. 13-cv-01393-JD, 2014 WL 2879851, at *3 (N.D. Cal. June 24, 2014)). Courts regularly grant stays even before the PTAB has decided whether to conduct IPR and the likelihood of simplification remains somewhat speculative. *See, e.g.*, *Topia Tech., Inc. v. Dropbox Inc.*, No. 23-CV-00062-JSC, 2023 WL 3437823, at *4-6 (N.D. Cal. May 12, 2023) (granting stay request before PTAB made IPR institution decision).

Here, the PTAB granted Defendants' review petition as to all of the six claims currently at issue in the case, including claims 1-4, 7, and 9. Smyth Decl., Ex. 1 at 32 ("Accordingly, it is: ORDERED that pursuant to 35 U.S.C. § 314, an inter partes review is hereby instituted as to

1  claims 1-4 and 7-12 of the '017 patent based on the unpatentability challenges presented in the
2  Petition"). The PTAB's final decision on these claims will substantially simplify the issues in this
3  case. Either the claims, already found reasonably likely to be invalid, will become moot, or the
4  Court will have the benefit of the PTAB's findings. Under either outcome, a stay pending IPR
5  will likely simplify the issues in question, avoid inconsistent outcomes, and preserve limited
6  judicial resources from ruling on issues that may change following PTAB review. The Court
7  concludes that the second factor weighs in favor of a stay.

### C. Undue Prejudice

"Third, the Court looks to whether a stay would unduly prejudice or present a clear tactical disadvantage to the nonmoving party." *PersonalWeb Techs.*, 69 F. Supp. 3d at 1029. In evaluating undue prejudice, courts consider: (a) the timing of the reexamination request; (b) the timing of the request for a stay; (c) the status of reexamination proceedings; and (d) the relationship between the parties. *SAGE Electrochromatics, Inc. v. View, Inc.*, No. 12-CV-06441-JST, 2015 WL 66415, at *3 (N.D. Cal. Jan. 5, 2015). "Courts have repeatedly found no undue prejudice unless the patentee makes a specific showing of prejudice beyond the delay necessarily inherent in any stay." *Palo Alto Networks, inc. v. Packet Intelligence LLC*, No. 19-cv-02471-WHO, 2020 WL 5760475, at *2 (N.D. Cal. Sept. 28, 2020).

Here, Defendants timely filed the petition for IPR on May 13, 2024, well before their statutory, one-year deadline to file. Smyth Decl., Ex. 2 (ECF 62-4). This filing came before the parties submitted their initial joint case management conference statement (ECF 33) or attended the initial case management conference (ECF 38), demonstrating that Defendants did not delay in pursuing reexamination. Further, Defendants timely filed this Motion to Stay, filing it only one week after the PTAB issued its institution decision. ECF 62. Defendants' timely filings, satisfying the first two subfactors, undercut any purported prejudice towards Plaintiff.

Further, the PTAB has instituted IPR, and the final written decision will be issued no later than November 22, 2025. *See* 35 U.S.C. § 316(a)(11). This is not a premature motion anticipating whether the PTAB will review the patent in question. Rather, the PTAB already instituted IPR based on a finding that "the information presented shows there is a reasonable likelihood that

4

[BizLink will] prevail in establishing the unpatentability of at least one challenged claim of the '017 patent." Smyth Decl., Ex. 1 at 2. This subfactor also weighs against prejudice. *Netflix, Inc. v. CA, Inc.*, No. 21-CV-03649-EMC, 2022 WL 1144631, at *2 (N.D. Cal. Mar. 30, 2022) (finding that the third sub-factor weighed in favor of a stay when the PTAB's IPR decisions were expected in eleven months).

The fourth subfactor – the relationship between the parties – weighs against a stay, because the parties are direct competitors and the alleged risk of marketplace harms, including diminished market recognition and price erosion, may not be readily compensable by money damages. But that risk is not so substantial as to outweigh the other subfactors that favor a stay.

Ultimately, Plaintiff identifies no specific prejudice that a stay would impose. Plaintiff instead argues only vaguely that "[a] stay would leave Plaintiff unduly prejudiced and would allow Defendants to gain a tactical advantage." Opp. at 7. But courts "have long acknowledged that a delay inherent to a stay does not, in and of itself, constitute prejudice." *Oyster Optics, LLC v. Ciena Corp.*, No. 17-CV-05920-JSW, 2018 WL 6972999, at *3 (N.D. Cal. Jan. 29, 2018) (citation omitted). The Court thus finds no undue prejudice or tactical disadvantage to Plaintiff, particularly where IPR proceedings have already been instituted.

### III.   CONCLUSION

The Court **ORDERS** this case **STAYED** pending inter partes review. The Court further **ORDERS** that the parties file with the Court a joint case management statement within seven days of any and all of the following events: (1) issuance of a final written decision in IPR; (2) filing of a notice of appeal regarding a final written decision; (3) expiration of time to file a notice of appeal of a final written decision; or (4) issuance of the mandate after entry of judgment on appeal of a final written decision. The joint case management statement shall apprise the Court of the PTAB's decision and describe the parties' respective positions regarding whether the stay should continue in light of the remaining steps before the Patent Trial and Appeal Board.

Pending the stay, the Court **TERMINATES** Plaintiff's Motion for Leave to Amend its Infringement Contentions (ECF 49) subject to resubmission after the stay is lifted.

The Court **ORDERS** the parties to submit a proposed omnibus sealing order resolving all pending administrative motions to seal. The proposed omnibus order shall include a chart as illustrated on page six of the Court's Civil Standing Order. The proposed order shall be both filed on the docket and submitted as a Word version to amopo@cand.uscourts.gov by no later than 11:59 a.m. on February 21, 2025.

**IT IS SO ORDERED.**

Dated: February 12, 2025

**ARACELI MARTÍNEZ-OLGUÍN**
**United States District Judge**